# IN THE MATTER OF ANTONIO PADRO, BANKRUPT.

---

San Juan, Bankruptcy, No. 147.

DISMISSAL OF BANKRUPTCY PROCEEDING FOR WANT OF PROSECUTION.

Bankruptcy—Dismissal for Want of Prosecution.
    1. Where nothing is done in a bankruptcy case by either the bankrupt or the creditors, and it appears that nothing will be done, the court may dismiss the case for want of prosecution.

Bankruptcy—Disposition of Finished Cases.
    2. When the referee has closed a bankruptcy case and has certified the record back to the court, orderly procedure requires that the court make an order directing the clerk to take the case off the docket.

Opinion filed July 1, 1916.

---

HAMILTON, Judge, delivered the following opinion:

1. This case is reported by Referee Suau as one in which

In the Matter of Padro.

there are no assets and no trustee, and in which the creditors take no interest of any kind. The adjudication and reference were June 30, 1915, and the question comes up, What disposition shall be made of it?

The Bankruptcy Act, § 59-g, as amended in 1910, provides that before entertaining an application for dismissal, the court shall require the bankrupt to file a list under oath of his creditors, with their addresses, and cause notice to be sent to them. This would forbid a dismissal, whether for want of prosecution or otherwise, when someone applies to the court for such action. In the case at bar, however, nobody applies to the court for anything. The case is simply a piece of deadwood. If it remained on the docket ten years longer there is no reason to suppose that any proceedings would be had. There are some cases where the court may dismiss a voluntary petition for the purpose of protecting itself against imposition. 1 Loveland, Bankr. § 171. The case in question does not appear to be one of imposition, but one of neglect, or where the parties do not see that it is to their interest that any further steps be had.

It seems to the court that it has the power in bankruptcy, as well as in any other kind of proceeding, to get a case off the docket when it serves no purpose by staying on the docket. This case, therefore, is dismissed for want of prosecution, and the clerk will remove it from the current docket.

2. The further question comes up of the disposition of finished cases. After an adjudication and reference are had, the case proceeds before the referee, and nothing more is done by the judge, except in certain specified cases. The referee is the court for such purposes. Bankruptcy Act, § 1 (7). The practice is, when debts have been proved and allowed, assets collected and

In the Matter of Padro.

distributed, proceeds and accounts audited, and the bankrupt discharged, for the referee to certify the record of the proceedings, together with original papers on file, to the clerk of the court, and they are preserved by the clerk as part of the records of the court. 2 Loveland, Bankr. § 604; Bankruptcy Act, § 42-c.

This section provides for the method of keeping the record before the referee, and its preservation after the case is concluded before the referee, but the practice is for the case to remain on the district court docket. The form of expression which seems to be usual is that the case is closed by or before the referee.

There would seem to be, however, the need of one further step by the court itself, for the sake of completeness. The case originally is filed in the district court, and by that court referred to the referee. When the referee has closed the proceedings, he certifies the record back to the district court. Until that is done the case must remain upon the docket of the district court, and when that is done the case should pass from the docket of the district court. Physically it is possible for the clerk simply to leave the case off the docket; but it would seem that orderly practice would require the court to make some order. The clerk therefore is directed in this case to make an entry reciting that the case has been closed before the referee and the record certified back to the court, and the case now goes off the docket. This course will be pursued in all cases.

It is so ordered.